

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2007

# A.W. v. E Orange Bd of Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2294

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"A.W. v. E Orange Bd of Ed" (2007). *2007 Decisions*. Paper 434.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/434

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2294
_____

A.W., individually and o/b/o S.W.

v.

EAST ORANGE BOARD OF EDUCATION

A.W.,

Appellant

_____

On Appeal from the Order of the United States
District Court for the District of New Jersey
District Court Judge:  Honorable Joseph A. Greenaway
(D. N.J. Civ. No. 04-cv-01565)

_____

Submitted Under Third Circuit LAR 34.1(a)
on May 1, 2007

Before: BARRY, CHAGARES and ROTH, <u>CIRCUIT JUDGES</u>

(Filed  September 14, 2007)

_____

OPINION

_____

PER CURIAM

    A.W., proceeding <u>pro se</u>, appeals from an order of the United States District Court

for the District of New Jersey denying her motion for fees and costs under the Individuals

with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA").  We will affirm.

A.W. alleged in her motion for fees and costs that she is the parent of S.W., a student in the East Orange School District.  After evaluating S.W., the School District determined that he was ineligible for special education services.  The School District subsequently told A.W. that S.W. could not attend school unless he was medicated for hyperactivity.  A.W. retained a consultant to represent her in her effort to obtain special education services for S.W.  The School District also told the consultant that S.W. was ineligible for special services, and that he must be medicated before returning to school.

A.W. filed a due process hearing request with the New Jersey Department of Education to pursue special education services for S.W.  Shortly before a scheduled mediation, A.W.'s consultant and the School District's attorney discussed special education services for S.W.  An Individualized Education Plan ("IEP") was developed for S.W. and implemented.

In her motion, A.W. sought to recover $22,725.00 in fees and costs charged by the consultant for her services.  The District Court denied the motion, and this appeal followed.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the District Court's order for an abuse of discretion.  John T. v. The Delaware County Intermediate Unit, 318 F.3d 545, 551-52 (3d Cir. 2003).

Under the IDEA, the District Court is authorized to award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party.

2

20 U.S.C. § 1415(i)(3)(B); John T., 318 F.3d at 555. As recognized by the District Court, a "prevailing party" must be successful in the sense that it has been awarded some relief by a court. John T., 318 F.3d at 556 (citing Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 603-04 (2001)). Although a party benefitting from a settlement agreement could be a prevailing party, the change in the legal relationship must be in some way judicially sanctioned. Id. We have found a stipulated settlement judicially sanctioned where it (1) contained mandatory language; (2) was entitled "Order;" (3) bore the signature of the District Court judge; and (4) provided for judicial enforcement. Id. at 558. See also P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 853-55 (3d Cir. 2006) (holding consent orders were judicially sanctioned).

Under this authority, A.W. is not a prevailing party by virtue of having obtained an acceptable IEP. John T., 318 F.3d at 560. As in John T., A.W. and the School District developed the IEP through negotiations out of court, and no court has endorsed the agreement with a judicial imprimatur. Id. Thus, the District Court did not err in denying A.W.'s motion.

Moreover, even if A.W. could be considered a prevailing party, the fee-shifting provision does not authorize a prevailing parent to recover fees for services rendered by an expert educational consultant in IDEA proceedings. Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 126 S. Ct. 2455, 2457-58 (2006). The fee-shifting provision authorizes the recovery of reasonable attorneys' fees and other enumerated costs. Id. at 2460.

3

A.W.'s consultant was not an attorney.

Accordingly, we will affirm the order of the District Court.